UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEVANO JAVED GAYLE,

                Petitioner,                15-cv-2134 (PKC)

   -against-                       MEMORANDUM
                                         AND ORDER

OSCAR AVILES, in his official capacity as
Director of the Hudson County Correctional
Facility, CHRISTOPHER SHANAHAN, in his
official capacity as New York Field Office
Director for U.S. Immigration and Customs
Enforcement, JEH JOHNSON, in his official
capacity as Secretary of Homeland Security,
ERIC HOLDER, in his official capacity as
Attorney General of the United States, and U.S.
DEPARTMENT OF HOMELAND SECURITY,

                Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The government moves for reconsideration of this Court's Memorandum and Order filed on June 22, 2015 (Dkt. No. 16), 2015 WL 4064630 (S.D.N.Y. June 22, 2015), familiarity with which is assumed.  In that Order, the Court granted petitioner Stevano Javed Gayle's petition for a writ of habeas corpus, and ordered the government to provide Gayle with a bond hearing in accordance with 8 U.S.C. § 1226(a).[1]  For the following reasons, the motion is denied.

        Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances."  Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir.

---

[1] On July 7, 2015, the Court denied the government's request for a stay of the June 22 Order pending the resolution of this motion.  (Dkt. No. 20.)

2001)).  Such exceptional circumstances include "an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

In the June 22 Order, the Court held that 8 U.S.C. § 1226(c), which provides for mandatory detention of certain "criminal aliens" while their removal proceedings are pending, does not apply to aliens who were not "released" from a custodial sentence in connection with their underlying criminal offense.  Gayle was convicted of criminal sale of marijuana in the third degree on November 4, 2010, but received a noncustodial sentence for that offense.  The Court thus concluded that the November 4 conviction could not serve as the basis of Gayle's detention under section 1226(c).  The government now seeks to premise Gayle's detention under that statute on another conviction: Gayle's October 13, 2010 conviction for criminal possession of marijuana in the fifth degree, for which Gayle was sentenced to seven days' imprisonment.

At the outset, the government's argument that the Court "overlooked" the October 13 conviction mischaracterizes the record.  The government's original opposition to Gayle's petition did not rely on the October 13 at all, and it was the Court itself that first raised the issue, by entering an order (the "May 7 Order") directing the parties to explain how, if at all, that conviction (which the government had alluded to in two footnotes) should factor into its decision.  (Order of May 7, 2015 (Dkt. No. 12).)

The government's response was equivocal. Although it asserted (without citing any supporting authority) that both of Gayle's convictions qualified as predicate offenses, and that Gayle was thus subject to mandatory detention under either (Resp'ts' May 14 Letter, at 2 n.2 (Dkt. No. 13)), it also stated, despite the implicit invitation in the May 7 Order, that "[t]he Court need not determine, under these facts, whether Gayle's October 2010 post-conviction release, in and of itself, qualifies as a 'release' within the meaning of [section 1226(c)]" (id. at 2), and reaffirmed its reliance on the November 4 conviction. The government's belated and halfhearted embrace of the October 13 conviction did not provide a basis for denying the petition. The Court, however, did not "overlook" the October 13 conviction.

In any event, the government's reliance on the October 13 conviction fails on the merits. Under 8 U.S.C. § 1227(a)(2)(B)(i), an alien is removable if he has been convicted of a controlled substance offense "other than a single offense involving possession for one's own use of 30 grams or less of marijuana" (emphasis added). The parties agree that Gayle's October 13 conviction was for "a single offense involving possession for one's own use of 30 grams or less of marijuana," and thus could not, standing alone, serve as the basis for Gayle's removal. (Resp'ts' May 14 Letter, at 2.) But the government argues (once again with no supporting authority) that, after the November 4 conviction, the October 13 conviction retroactively became a basis for removability—because it was then no longer a "single" controlled substance conviction—and that his release from incarceration on the October 13 conviction triggered the government's duty to detain him.

The reasoning in the June 22 Order forecloses this argument. In that Order, the Court explained that, because section 1226(c) directs the government to detain an alien "when the alien is released," an alien "must be removable at the time of [his] release" from non-

immigration custody for mandatory detention to apply. 2015 WL 4064630, at *3. Reading the statute otherwise leads to the absurd result that the government's duty to detain the alien can arise before the alien is removable. Id. But, the parties agree, Gayle was not removable until his November 4 conviction. Thus, Gayle's release from his sentence on the October 13 conviction can serve as the release triggering the government's duty to detain Gayle under section 1226(c) only if it occurred on or after November 4. The record shows that Gayle was sentenced to seven days' imprisonment on October 13. (Return Ex. 3, at 4.) This supports the conclusion that he was released from that sentence of imprisonment on or about October 20; nothing in the record supports the conclusion that he was released on or after November 4. Thus, Gayle's detention under section 1226(c) cannot be premised on the October 13 conviction.

    The Court's conclusion finds further support in Matter of Deanda-Romo, 23 I. & N. Dec. 597 (BIA 2003), a Board of Immigration Appeals ("BIA") decision in an analogous context that cast doubt on the notion that a later offense can render an earlier offense a basis for removal. The immigration statutes provide that an alien is inadmissible if he has been convicted of a crime involving moral turpitude ("CIMT"), except in the case of a single CIMT for which the maximum possible penalty does not exceed one year's imprisonment and for which the alien's actual sentence did not exceed six months' imprisonment. 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (ii)(II). This is known as the "petty offense exception." See, e.g., Reyes v. Holder, 714 F.3d 731, 735 (2d Cir. 2013). In Deanda-Romo, the BIA considered whether a second CIMT conviction retroactively caused a first "petty offense" CIMT conviction to make the petitioner inadmissible. The respondent in that case sought cancellation of removal pursuant to 8 U.S.C. § 1229b(a), eligibility for which is premised on seven years' continuous residence in the United States. 8 U.S.C. § 1229b(a)(2). Under what is known as the "stop-time rule,"

however, the continuous residence period is deemed to end "when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible." 8 U.S.C. § 1229b(d)(1)(B).  In Deanda-Romo, the respondent's first CIMT conviction, which fell under the petty offense exception, occurred before the expiration of the seven years, and his second CIMT conviction occurred after.  Thus, if the second conviction retroactively caused the first to "render[] [the respondent] inadmissible," he would be ineligible for cancellation of removal.

The BIA rejected that argument, explaining: "[B]y the time [the respondent] committed [the second] offense, which only at that point rendered him inadmissible, he had already accrued the necessary 7 years of continuous residence.  We find that this subsequent commission of a [CIMT] had no effect on his admissibility during the 7-year period during which he was required to establish continuous residence." Deanda-Romo, 23 I. & N. Dec. at 600.  Here, similarly, Gayle's second controlled substance conviction did not have the effect of retroactively making Gayle removable at the time of his release from his seven-day prison sentence.

For the foregoing reasons, the government's motion for reconsideration is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 10, 2015