

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

December 1, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Based on the application of the parties, this action is dismissed without prejudice.
> SO ORDERED.
> 12/2/2020
>
> _____
> P. Kevin Castel
> United States District Judge

Re:    *Gayle v. Aviles*, 15 Civ. 2134 (PKC)

Dear Judge Castel:

      This Office represents the government in the above-referenced immigration habeas matter, which was recently remanded by the Second Circuit. I write respectfully on behalf of the parties in response to the Court's order dated October 23, 2020. (ECF No. 26). As explained below, the parties have conferred and agree that there are no further actions to be taken in this matter, and thus the Court should enter an order dismissing the case without prejudice.

      This is a habeas corpus case that was commenced in March 2015 by an immigration detainee who challenged his mandatory detention under 8 U.S.C. § 1226(c) without a bond hearing. On June 22, 2015, this Court granted the petitioner's habeas petition on statutory grounds, concluding that the petitioner did not fall within the scope of the mandatory detention statute, and directed the government to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Memorandum and Order (ECF No. 16). The Court later denied the government's motion for reconsideration. Order (ECF No. 20); Memorandum and Order (ECF No. 21). The petitioner thereafter received a bond hearing in July 2015 pursuant to this Court's order, at which bond was denied.[1] The government filed an appeal from this Court's decisions (ECF No. 22), and the Second Circuit stayed the appeal pending relevant decisions by the Second Circuit and Supreme Court (2d Cir. No. 15-2690, ECF Nos. 19, 26, 53, 54).

      Specifically, in the interim, the Second Circuit decided *Lora v. Shanahan* on October 28, 2015, holding, as a statutory matter, that 8 U.S.C. § 1226(c) applies to all aliens who have committed qualifying offenses, notwithstanding the timing of ICE's assumption of custody, and regardless of the sentence imposed. 804 F. 3d 601, 609-13 (2d Cir. 2015). While *Lora* abrogated this Court's decision in this case, the Second Circuit stayed the government's appeal in this case

---

[1] A little more than a year later, on August 12, 2016, the petitioner subsequently received another bond hearing, this time pursuant to the Second Circuit's decision in *Lora v. Shanahan*, at which an immigration judge granted him release on a $7,500 bond. The petitioner later posted that bond and was released from ICE custody on August 23, 2016.

The Honorable P. Kevin Castel
December 1, 2020
Page 2

while the government determined whether it would seek further review of *Lora*'s length-of-detention holding (the six-month bright-line rule), and ultimately until the Supreme Court resolved the case. The Supreme Court ultimately held the government's petition for a writ of certiorari in *Shanahan v. Lora* for a decision in *Jennings v. Rodriguez*, and on February 27, 2018, issued a decision in *Jennings*, rejecting the Ninth Circuit's holding that § 1226(c) could properly be interpreted, under the canon of constitutional avoidance, to contain a six-month limit on an alien's detention without a bond hearing. 138 S. Ct. 830 (2018). On March 5, 2018, following its decision in *Jennings*, the Supreme Court granted the government's cert petition in *Lora*, vacated the judgment, and remanded the case to the Second Circuit for further consideration in light of *Jennings*. *See Shanahan v. Lora*, 138 S. Ct. 1260 (2d Cir. 2018). On March 30, 2018, the Second Circuit dismissed the appeal as moot. *Lora v. Shanahan*, 719 F. App'x 79 (2d Cir. 2018).

Following the Supreme Court's decision in *Jennings*, the government's appeal in this case remained stayed pending the Supreme Court's decision in *Nielsen v. Preap*. On March 19, 2019, the Supreme Court decided *Preap*, holding that, by its plain language, § 1226(c) unambiguously applies to aliens who are removable for having committed certain removable offenses, "regardless of exactly when or even whether the alien was released from criminal custody." 139 S. Ct. 954, 964-72 (2019). Thereafter, on February 14, 2020, the Second Circuit issued an order in the government's appeal in this matter, vacating this Court's decisions and remanding the case for further consideration in light of of the Supreme Court's decisions in *Jennings* and *Preap*. (ECF No. 23). The Second Circuit's order issued as a mandate on April 27, 2020. (ECF No. 25).

The parties agree that no further action is required in this case. The petitioner received a bond hearing pursuant to this Court's order in July 2015, and he was subsequently released from ICE custody following another bond hearing a year later in August 2016. Thus, he has already received the relief he sought in his petition. *See, e.g.*, *Jean v. Decker*, No. 17 Civ. 2604 (PKC), ECF No. 37 (S.D.N.Y. Nov. 30, 2018) (dismissing case as moot on remand because the petitioner had obtained the relief requested in his habeas petition); *Ullah v. Decker*, No. 17 Civ. 1597 (PAE), ECF No. 16 (S.D.N.Y. July 26, 2018) (closing case after remand because "[n]ow that [petitioner] has received his requested relief, there is no longer any live controversy between the parties arising from that petition"). Furthermore, ICE has no current intention to re-detain the petitioner, absent a breach of the conditions of his release or the entry of a final removal order. Accordingly, in light of the above, the parties agree that the Court should enter an order dismissing this case without prejudice.[2] *See, e.g.*, *Shaaban v. Aviles*, No. 15 Civ. 4249 (AKH), ECF No. 17 (S.D.N.Y. Apr. 28, 2020) (dismissing case without prejudice on remand because the petitioner had received the bond hearing he had sought in the habeas petition).

---

[2] The parties agree that any such dismissal is without prejudice to the petitioner's ability to file a new habeas petition in the future should circumstances warrant it. *See, e.g.*, *Jean v. Decker*, No. 17 Civ. 2604 (PKC), ECF No. 37 (S.D.N.Y. Nov. 30, 2018) ("The case is hereby dismissed without prejudice to petitioner's ability to seek future relief for any further detention or alleged violation of his rights.").

The Honorable P. Kevin Castel
December 1, 2020
Page 3

      We thank the Court for its consideration of this letter.

                          Respectfully,

                          AUDREY STRAUSS
                          Acting United States Attorney for
                          Southern District of New York

By:   */s/ Brandon M. Waterman*
        BRANDON M. WATERMAN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.    (212) 637-2741

cc:  Julie Dona, Esq. (via ECF)
      *Counsel for Petitioner*